IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-50399
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON GONZALEZ,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Western District of Texas
(EP-96-CA-149)

---

November 5, 1996
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

In this appeal from the district court's order denying his motion for relief under 28 U.S.C. § 2255, Ramon Gonzalez (# 62167-080) contends that his right against double jeopardy was violated by his criminal conviction because a civil forfeiture preceded the criminal judgment. A recent United States Supreme Court opinion

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

has rendered this issue frivolous. *United States v. Ursery*, 116 S.Ct. 2135, 2147-49 (1996).

Gonzalez argues for the first time in his reply brief that the civil forfeiture violated the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. This issue was not raised below. And, an issue may not be raised for the first time in a reply brief, even by a pro se appellant. *Knighten v. Commissioner*, 702 F.2d 59, 60 & n.1 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983).

Because the appeal is frivolous, it is DISMISSED. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. This Court has not yet determined whether a certificate of appealability ("COA") is required under the circumstances of this appeal. *See* 28 U.S.C. § 2253. To the extent that a COA is required, we construe Gonzalez' notice of appeal as an application for a COA and DENY the motion.

APPEAL DISMISSED